IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

OSWALD WOUDHUIZEN AND POWER
DESIGN, INC. AND DISCOVER PROPERTY
AND CASUALTY INSURANCE COMPANY,

      Appellants,

v.                                 Case No.  5D17-575

MARY L. SMITH,

      Appellee.

_____/

Opinion filed February 2, 2018

Appeal from the Circuit Court
for Seminole County,
Jessica J. Recksiedler, Judge.

Kimberly J. Fernandes, of Kelley
Kronenberg, P.A., Tallahassee, and Sarah
E. Wade, Christopher E. Brown, and
Daniel S. Liebowitz, of Resnick & Louis,
P.C., Orlando, for Appellants.

Edward S. Rue, of Rue & Ziffra, P.A.,
Port Orange, for Appellee.

EISNAUGLE, J.

      Oswald Woudhuizen, et al., Defendants below, timely appeal a final judgment,

following a jury verdict in Plaintiff Mary L. Smith's favor in the aggregate amount of

$125,000.  Defendants argue that the trial court erred by failing to apply collateral source

setoffs to the judgment. We reverse on this issue, and otherwise affirm without further discussion.

Smith filed suit for injuries after a motor vehicle accident where she was rear-ended by Defendant Woudhuizen. As a result of the accident, Smith claimed neck, shoulder, low back and knee pain, as well as depression resulting from her injuries. In addition to her medical bills, Smith claimed that she was unable to work due to her injuries and had substantial lost wages and loss of future earning capacity. Defendants admitted negligence but contested causation and damages. A jury returned a verdict in favor of Smith as follows:

Past medical expenses $50,000

Future medical expenses $25,000

Past lost earnings $50,000

Future lost earnings $0

After trial, Defendants filed a motion for final judgment asking the trial court to set off certain collateral source payments pursuant to section 768.76, Florida Statutes (2010), and to reduce the jury award of $125,000 to a $25,000 net verdict. The trial court set off PIP payments received by Smith, but declined to set off $93,569.40 in Social Security disability payments. In so doing, the trial court found Defendants could not show that the collateral source payments duplicated the damages awarded by the jury. The trial court opined that it was likely that the jury awarded $50,000 for the first year after the crash, and concluded that any claim that the verdict actually duplicated the Social Security disability payments, which were paid later, was too speculative. This appeal followed.

Defendants contend the trial court erred in failing to apply a collateral source setoff to the judgment for the Social Security disability benefits received by Smith in the five years between the accident date and the trial. Specifically, they argue that section 768.76 does not require a party to present evidence matching the "period covered by the disability benefits" with the "period covered by the jury's award of past lost wages." We agree.

Section 768.76, Florida Statutes (2010), provides:

> (1) In any action to which this part applies in which liability is admitted or is determined by the trier of fact and in which damages are awarded to compensate the claimant for losses sustained, the court shall reduce the amount of such award by the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to the claimant, from all collateral sources; however, there shall be no reduction for collateral sources for which a subrogation or reimbursement right exists. Such reduction shall be offset to the extent of any amount which has been paid, contributed, or forfeited by, or on behalf of, the claimant or members of the claimant's immediate family to secure her or his right to any collateral source benefit which the claimant is receiving as a result of her or his injury.
>
> (2) For purposes of this section:
>
> (a) "Collateral sources" means any payments made to the claimant, or made on the claimant's behalf, by or pursuant to:
>
> 1. The United States Social Security Act,[1] except Title XVIII and Title XIX;[2] any federal, state, or local income disability act; or any other public programs providing medical expenses, disability payments, or other similar benefits, except those prohibited by federal law and those expressly excluded by law as collateral sources. [3]

---

[1] 42 U.S.C.A. § 301 et seq.

[2] 42 U.S.C.A. § 1395 et seq. and 42 U.S.C.A. § 1396 et seq.

[3] Smith has not asserted any exceptions, such as Title XVIII and Title XIX of the United States Social Security Act, or any other exception as "prohibited by federal law" or

3

According to the plain language of the statute, section 768.76 only requires evidence of a plaintiff's receipt of benefits from a collateral source for losses sustained. It does not require a claimant to further prove that each dollar of a collateral source was actually awarded by the jury. To hold otherwise would not only conflict with the plain meaning of the statute, but would also require a party to request an itemized verdict form in every case, potentially as detailed as each individual item of care or benefit received.

Notwithstanding, Smith argues that there should be no setoff because the legislative purpose behind section 768.76 is to avoid a "duplication of benefits." It is the statutory language that controls, however, not a purported legislative purpose. Here, the Legislature chose to accomplish its purpose by requiring a trial court to "reduce the amount of such award by the *total of all amounts* which have been paid for the benefit of the claimant." § 768.76(1), Fla. Stat. (2010) (emphasis added). We have no authority to require a line by line itemization in every verdict before giving effect to section 768.76(1) where the Legislature has declined to do so.

AFFIRMED in part; REVERSED in part; and REMANDED.

BERGER and EDWARDS, JJ., concur.

---

otherwise "expressly excluded by law as collateral sources." § 768.76(2)(a)1., Fla. Stat. (2010).

4